UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MONROE WRIGHT EL TRIBE,

           Case No. 14-13673

           Plaintiff,

v.           Paul D. Borman
           United States District Judge

MICHIGAN RECON, INC.

           Defendant.
_____/

OPINION AND ORDER:
(1) GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYMENT OF FEES OR COSTS (ECF No. 2);
(2) DISMISSING THE COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2) (ECF No. 1); AND (3) DENYING PLAINTIFF'S
REQUEST FOR SERVICE BY U.S. MARSHAL AS MOOT (ECF No. 3)

The matter now before the Court is Plaintiff Monroe Wright El Tribe's "Application to proceed in District Court without Prepayment of Fees or Costs" and Request for Service by U.S. Marshal. (ECF Nos. 2, 3). For the reasons that follow, the Court will GRANT Plaintiff's Application to Proceed without Prepayment of Fees or Costs but will dismiss the Complaint, *sua sponte*, pursuant to 28 U.S.C. § 1915(e)(2) for failing to set forth a claim upon which relief can be granted. The Court further DENIES Plaintiff's request for service by U.S. Marshal as MOOT.

Pursuant to 28 U.S.C. § 1915(a)(1), a court may allow commencement of a civil action without the prepayment of fees or costs if the applicant submits an affidavit demonstrating that he or she is "unable to pay such fees or give security therefor." In the instant action, Plaintiff has supplied an affidavit which provides that he is unemployed, has no savings or current income, but does indicate that Plaintiff has a "principal place of administration" that is valued at

approximately $20,000.00. (ECF No. 2). Based on this information the Court will grant Plaintiff's Application to Proceed without Prepayment of Fees or Costs.

However, the Court is also required under 28 U.S.C. § 1915 to dismiss a complaint filed without prepayment of fees that fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). The United States Court of Appeals for the Sixth Circuit has explained:

> Unlike prisoner cases, complaints by non-prisoners are not subject to the screening process required by § 1915A. However, the district court must still screen the complaint under § 1915(e)(2). ... Section 1915(e)(2) provides us with the ability to screen these, as well as prisoner cases that satisfy the requirements of the section. The screening must occur even before process is served or the individual has had an opportunity to amend the complaint. The complaint must be dismissed if it falls wihtin the requirements of § 1915(e)(2) when filed.

*McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) (overruled on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007)).

Plaintiff alleges in his complaint that Defendant Michigan Recon, Inc. "used a scheme to defraud plaintiff out of possession of 9446 East Outer Drive" and requests the Court dismiss a lower court's judgment of possession against Plaintiff. Plaintiff alleges Defendant has violated the federal statute criminalizing mail fraud, 18 U.S.C. § 1341.[1] The Court is mindful that a *pro*

---

[1] Section 1341, provides:
Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, or to see, dispose of, loan, exchange, alter, give away, distribute, supply, or furnish or procure for unlawful use any counterfeit or spurious coin, obligation, security, or other article, or anything represented to be or intimated or held out to be such counterfeit or spurious article, for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service, or deposits or causes to be deposited or any matter or thing whatever to be sent or delivered by any private or commercial interstate carrier, or takes or receives therefrom any such matter or thing, or knowingly causes to be delivered by mail or such carrier according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, any such matter or thing, shall be fined under this title or imprisoned not more than 20 years, or both. If the violation occurs in relation to, or involving any benefit

*se* litigant's complaint must be liberally construed and held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) ("[T]he allegations of a complaint drafted by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers in the sense that a *pro se* complaint will be liberally construed in determining whether it fails to state a claim upon which relief could be granted."). However, the Sixth Circuit has found that no private cause of action exists for alleged violations of federal criminal mail and wire fraud statutes. *Ryan v. Ohio Edison Co.*, 611 F.2d 1170, 1179 (6th Cir. 1979) (analyzing the statute and concluding "Congress did not intend to create a private cause of action for plaintiffs under the Mail Fraud Statute."); *accord Morganroth & Morganroth v. DeLorean*, 123 F.3d 374, 386 (6th Cir. 1997) (recognizing that "violations of these sections of the federal criminal code [18 U.S.C. §§ 1341 & 1343], however, do not give rise to private causes of action.") (citations omitted); *see also Deasy v. Louisville & Jefferson County Metro. Sewer Dist.*, 47 F. App'x 726, 728 (6th Cir. 2002) ("Mail fraud is a criminal offense for which there is no private right of action."). Therefore, under even the most liberal or generous reading of Plaintiff's complaint, Plaintiff has failed to allege a cause of action upon which relief can be granted.

---

authorized, transported, transmitted, transferred, disbursed, or paid in connection with, a presidentially declared major disaster or emergency ... or affects a financial institution, such person shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.

For the reasons set forth above, the Court GRANTS Plaintiff's Application to Proceed without Prepayment of Fees or Costs (ECF No. 2); DISMISSES Plaintiff's Complaint (ECF No. 1) without prejudice pursuant to 28 U.S.C. § 1915(e)(2); and DENIES Plaintiff's Request for Service by the U.S. Marshal as MOOT (ECF No. 3).

IT IS SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: September 25, 2014

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 25, 2014.

s/Deborah Tofil
Case Manager